UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 21-020-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOSE RAMIREZ-VACA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Defendant Jose Ramirez-Vaca is charged with a single count of illegal re-entry by a previously deported alien. [Record No. 1] Upon motion from the United States, and after conducting a detention hearing, United States Magistrate Judge Matthew A. Stinnett ordered that he be detained due to a risk of non-appearance. [Record No. 24] Ramirez-Vaca has now filed a motion to revoke the detention order. [Record No. 28][1] After review of the record and the factors outlined in 18 U.S.C. § 3142(g), the Court concludes that Ramirez-Vaca's potential, imminent removal by United States immigration officials justifies pretrial detention. Accordingly, his motion to revoke his detention order will be denied.

I.

A grand jury returned an indictment on March 4, 2021, charging Ramirez-Vaca with one count of illegal re-entry of a previously deported alien in violation of 8 U.S.C. §§ 1326(a) and (b)(1). [Record No. 1] At his initial appearance and arraignment hearing before

---

[1] Ramirez-Vaca does not request a hearing on his motion. [*Id.* at 1]

Magistrate Judge Stinnett, the United States made an oral motion for pretrial detention, and the Court concluded that the request was appropriate under 18 U.S.C. § 3142(f)(2)(A). [Record No. 11] The government argued that Ramirez-Vaca should be detained due to a serious risk that he will flee and fail to appear if released. A detention hearing was held on March 16, 2021, and continued to March 19, 2021, to allow the Court to review additional documentation and hear testimony from U.S. Immigration and Customs Enforcement Agent Erin Huffines. [Record Nos. 20, 22]

Magistrate Judge Stinnett concluded that "no conditions can reasonably assure Ramirez-Vaca's appearance as required in this case" because "his imminent removal [from the United States], if released in this case, is non-speculative and virtually certain." [Record No. 24, p. 6] He reached this conclusion based on testimony from Agent Huffines and a reinstated removal order issued by ICE. [*Id.*]

Agent Huffines testified to Ramirez-Vaca's history with immigration officials. Between 1976 and 2016, he was removed from the United States six times. [Record No. 25, p. 6] While each prior interaction resulted in detention, Agent Huffines clarified that he was not detained in September 2020 as ICE detention facilities dealt with the ongoing COVID-19 pandemic. Rather, he was subject to an alternative to detention ("ATD") procedure due to his age and potential susceptibility to COVID-19. This allowed for his release from detention, but it required him to "self-deport" from the United States.

ATD procedures were used in some circumstances before the pandemic, but their application was extended to Ramirez-Vaca (and similarly-situated individuals) solely because of the pandemic. Agent Huffines testified that this extension was unprecedented. And because

the circumstances surrounding COVID-19 pandemic have improved, Agent Huffines testified that the alternative procedure will no longer available to Ramriez-Vaca. Additionally, he cannot be heard by an immigration judge to petition for a release on bond. Agent Huffines also confirmed that if released, Ramirez-Vaca would enter ICE custody and be removed from the United States within two weeks.

## II.

A defendant "ordered detained by a magistrate judge" may seek revocation of the detention order in "the court having original jurisdiction over the offense." 18 U.S.C. § 3145(b). This Court reviews the magistrate judge's detention order *de novo*. *United States v. Paniagua*, 2019 U.S. Dist. LEXIS 22259, at *5 (E.D. Ky. Feb. 12, 2019) (citations omitted). Accordingly, it must "review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* (quoting *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990)). Because Ramirez-Vaca's potential, imminent removal by ICE creates a near-certainty of nonappearance if released, the detention order remains proper. As required by 18 U.S.C. § 3142(i)(1), "a written statement of the reasons for the detention" follows below.

## III.

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). But when a case involves "a serious risk that a person will flee," the government may move for a hearing to determine whether conditional release is appropriate. 18 U.S.C. § 3142(f)(2)(A). After that hearing, if "no condition or combination of conditions will reasonably assure the appearance of the person

as required," the "judicial officer shall order the detention of the person before trial." *Id.* at § 3142(e)(1). The government bears the burden to prove the risk of nonappearance based on a preponderance of the evidence. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985); *United States v. Curry*, 2006 U.S. Dist. LEXIS 49661, at *16 (E.D. Ky. July 18, 2006).

The Court considers the factors set out in 18 U.S.C. § 3142(g) in determining whether to set conditions of release. They are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [18 U.S.C. § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>> (A) the person's character, physical and mental conditions, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct and inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept this designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g). In considering these factors, the Court does not "modify[] or limit[] the presumption of innocence." *Id.* at § 3142(j).

Here, Ramirez-Vaca argues that evidence of his likely deportation upon release is insufficient to show that he presents a risk of nonappearance. [Record No. 28-1, p. 11] However, he does not challenge the evidence that he will be removed from the United States by ICE if released from custody in this case. That evidence, taken with the other factors in Section 3142(g), suggest that he presents a serious flight risk and that no conditions of release will reasonably assure his appearance in this matter.

**A. Serious Flight Risk**

The undersigned agrees with Magistrate Judge Stinnett that the government may move for a detention hearing under Section 3142(f)(2)(A) because Ramirez-Vaca presents a serious flight risk. Two primary factors support this conclusion. First, he has returned to the United States on several occasions despite prior removals. This conduct indicates an unwillingness to abide by the requirement to appear in this Court. Additionally, Ramirez-Vaca faces imminent removal upon release, whether before or after prosecution (and potential imprisonment) in this matter. These consequences, combined with his history of illegal reentry into the United States, indicate that he presents a serious flight risk. Thus, a detention hearing was appropriate in this case.

**B. Nonappearance Risk**

Having met its burden to show that Ramirez-Vaca presents a serious flight risk, the government has also demonstrated that the Section 3142(g) factors support pretrial detention based on the evidence provided at the detention hearing. First, the nature and circumstances of Ramirez-Vaca's charged offense weigh in favor of detention. While the charged offense is not one specifically set out in Section 3142(g)(1), "the nature of the [alleged] crime—returning

to the United States, despite prior removal from this country by court order—indicates that [Ramirez-Vaca] is not disposed to follow the orders of this Court." *United States v. Aleman-Duarte*, 2020 U.S. Dist. LEXIS 6872, at *13–14 (E.D. Tenn. Jan. 15, 2020).

Next, "[t]he weight of the evidence factor goes to Defendant's risk of flight." *United States v. Ramirez-Salguero*, 2018 U.S. Dist. LEXIS 204807, at *7–8 (E.D. Mich. Dec. 4, 2018) (citing *Stone*, 608 F.3d at 948). The government argues that "the evidence against [Ramirez-Vaca] is overwhelming." [Record No. 33, p. 5] Agent Huffines's testimony and ICE documentation support this conclusion, which Ramirez-Vaca does not challenge. Considered alongside his previous removals and reentries into the United States, this factor weighs in favor of detention.

Finally, Ramirez-Vaca's likely removal upon release from custody also weighs in favor of pretrial detention under the third factor. Agent Huffines was unequivocal in her testimony: Ramirez-Vaca will be removed from the United States within two weeks of his release from custody. As Magistrate Judge Stinnett noted, "the circumstances of this case require no guessing about an immigration judge's potential action." [Record No. 24, p. 5] The immigration judge has acted, and Ramirez-Vaca has no remaining opportunities to appear before an immigration judge or seek alternative removal procedures.

Given the unchallenged evidence presented and these factors, the government has shown by a preponderance of the evidence that Ramirez-Vaca is unlikely to appear as directed in this case if released. Accordingly, it is hereby

**ORDERED** that Defendant Ramirez-Vaca's Motion to Revoke the Detention Order [Record No. 28] is **DENIED**.

Dated: May 3, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky